Gian-Grasso | Tomczak Immigration Law Group
Kimberly A. Tomczak
PA Bar: 310687
990 Spring Garden Street, Suite 304
Philadelphia, PA 19123
(215) 437-0392
kimberly@gtilg.com

*Attorney for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Franklin Leonidas ONCE CHILLOGALLO,**<br><br>*Petitioner*,<br>    v.<br><br>**J.L JAMISON,**<br>   in his official capacity as Warden of Federal Detention Center, Philadelphia;<br><br>**MICHAEL T. ROSE,**<br>   in his official capacity as Acting Philadelphia Field Office Director, United States Immigration and Customs Enforcement;<br><br>**TODD M. LYONS**,<br>   in his official capacity as Acting Director of Immigration & Customs Enforcement;<br><br>**KRISTI NOEM,**<br>   in her official capacity as Secretary, U.S. Department of Homeland Security; and<br><br>**PAMELA BONDI,**<br>   in her official capacity as Attorney General, U.S. Department of Justice.<br><br>              *Respondents.* | Case No. 2:26-cv-313<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner, Franklin Leonidas Once Chillogallo ("Mr. Once Chillogallo") is a 24-year-old who petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner requests that this Court release him from detention by the Immigration and Customs Enforcement ("ICE") or, alternatively, conduct or order a bond hearing in which the Respondents bear the burden of justifying Petitioner's continued detention. Petitioner also requests that the Court set aside recent policies implemented by Respondents that are contrary to the statutory right of non-citizens like Petitioner to seek release and bail through an exercise of the Respondents' discretion.

Mr. Once Chillogallo is a 24-year-old, native and citizen of Ecuador. He entered the U.S. on or about December 2, 2020 when he was 18 years old and was placed into removal proceedings. He was given a Notice to Appear on December 5, 2020, which included a master calendar hearing in San Antonio, TX for April 12, 2021. *See* Exh. B (Notice to Appear). Subsequently a new hearing notice was issued rescheduling the master calendar hearing for May 23, 2022 in San Antonio, TX. From the Electronic Case Access System (ECAS) it is not clear what, if anything, happened at or after the May 23, 2022 hearing. Mr. Once Chillogallo has remained in the United States since December 2020. Prior to his recent arrest by ICE, Mr. Once Chillogallo was working and living with his family, which includes his partner and their 6-month-old twin U.S. citizen daughters.

On January 13, 2026, ICE detained Mr. Once Chillogallo outside of his home. Per the I-213, they were conducting an operation in the Philadelphia area to identify and detain individuals who have violated immigration law. *See* Exh. C (I-213). There is nothing therein which explains why Mr. Once Chillogallo was approached or how he has further violated immigration law after his initial entry to the U.S. He has not committed any crimes. ICE did not make any individualized assessment required under 8 U.S.C. § 1226(a) that he posed a flight risk or a danger to the

2

community and, therefore, detained Mr. Once Chillogallo without due process. Moreover, Respondents have adopted policies enshrined in administrative decisions by the Board of Immigration Appeals ("BIA") that subject non-citizens like Mr. Once Chillogallo to mandatory detention in violation of Section 1226(a). He therefore seeks immediate release from custody, or, in the alternative, the opportunity for a bond hearing.

## STATEMENT OF FACTS

1. Mr. Once Chillogallo entered the United States at age 18 on or about December 2, 2020. He was processed at the border, given a hearing date at the San Antonio Immigration Court. He has not left the United States since then.

2. Mr. Once Chillogallo has 6-month-old twins, who are U.S. citizens, and has been supporting himself and his family by working in construction.

3. Mr. Once Chillogallo has no criminal history.

4. On January 13, 2026, ICE detained Mr. Once Chillogallo outside of his home without an individualized assessment that he posed a flight risk or a danger to the community and, therefore, without due process. Since then, he has remained detained without the ability to present himself at a bond hearing.

5. As of the date of this habeas corpus filing, Mr. Once Chillogallo is being detained at the Federal Detention Center, in Philadelphia, Pennsylvania. *See* Exh. A. (FDC Inmate Locator and ICE Locator).

## PARTIES

6. Petitioner Mr. Once Chillogallo is a resident of Pennsylvania who normally resides at 8016 W Chester Pike, 2nd Floor, Upper Darby, PA 19082.

7. Respondent J.L. Jamison is named in his official capacity as the warden of Federal Detention Center, Philadelphia, where Petitioner is presently located, and is therefore the immediate legal custodian of Mr. Once Chillogallo. *See* Exh. A (FDC Inmate Locator and ICE Locator).

8. Respondent, Michael T. Rose is the Acting Philadelphia Field Office Director for Immigration and Customs Enforcement's ("ICE") Enforcement and Removal Operations. In this capacity, he is responsible for the custody of all noncitizens detained by ICE at FDC, Philadelphia and has authority to release Mr. Once Chillogallo or transfer him to a different facility. He is one of Mr. Once Chillogallo's immediate custodians and is sued in his official capacity.

9. Respondent, Todd M. Lyons is the Acting Director of ICE. In this capacity he is responsible for decisions related to detaining and removing certain noncitizens. Director Lyons is a legal custodian of Mr. Once Chillogallo and is sued in his official capacity.

10. Respondent, Kristi Noem is named in her official capacity as the Secretary of Homeland Security. In this capacity she is responsible for the administration of the immigration laws pursuant to Section 402 of the Homeland Security Act of 2002. 107 Pub. L. 296 (November 25, 2003); *see also* 8 U.S.C. § 1103(a); and is legally responsible for Mr. Once Chillogallo's incarceration and removal. She is therefore a custodian of Mr. Once Chillogallo and is sued in her official capacity. Respondent Noem's office is located at DHS headquarters in Washington, DC, 20528.

11. Respondent, Pamela Bondi is named in her official capacity as the Attorney General of the United States. She is responsible for the administration of the immigration laws as

exercised by EOIR, pursuant to 8 U.S.C. § 1103(g). She is legally responsible for administering Mr. Once Chillogallo's removal proceedings as well as the procedural standards used in those proceedings. She is therefore a legal custodian of Mr. Once Chillogallo and is sued in her official capacity. Respondent Bondi's office is at DHS of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

## JURISDICTION AND VENUE

12. Respondents incarcerated Mr. Once Chillogallo on January 13, 2026, in Philadelphia, Pennsylvania, and he is under the direct control of Respondents and their agents.

13. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA").

14. This court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(1) and (c)(3) (habeas corpus) to determine whether people imprisoned in federal custody are held in violation of law. *INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

15. Jurisdiction is also proper pursuant to 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 1331 (federal question); 5 U.S.C. § 702 (Administrative Procedures Act); U.S. Const. amend V (Due Process Clause), and U.S. Const. art. I § 9, cl. 2 (Suspension Clause).

16. Mr. Once Chillogallo's detention constitutes a "severe restraint[] on his individual liberty" interest such that Mr. Once Chillogallo is "subject to restraints not shared by the public generally" and "in custody in violation of the . . . laws . . . of the United States." *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

17. The federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the lawfulness of their detention by DHS. *Jennings v. Rodriguez*, 583 U.S.

281, 292-95 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

18. Venue properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(2), (e) and § 2241(d) because this petition is filed while Mr. Once Chillogallo is physically present within the district, as he is imprisoned at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Exhaustion is not necessary because Congress did not codify a requirement that petitioners seeking a writ of habeas corpus exhaust administrative remedies. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required… But where Congress has not clearly required exhaustion, sound judicial discretion governs.") (citation omitted).

20. Finally, even if meaningful administrative remedies were promptly available, Mr. Once Chillogallo, as a noncitizen challenging the lawfulness of his ongoing immigration detention, is not required to exhaust those remedies under 8 U.S.C. § 2241. *See Louisaire v. Muller*, 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010).

## LEGAL FRAMEWORK

21. For non-citizens attempting to enter the U.S., the INA provides that "in the case of [a non-citizen] who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." "A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled 'for urgent humanitarian reasons or significant public benefit' pursuant to 8 U.S.C. § 1182(d)(5)(A)." *Gomes v. Hyde*, 25

6

Civ. 11571, 2025 WL 1868288, at *2 (D. Mass. July 7, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018)).

22. In contrast, the Supreme Court has found that "U.S. immigration law authorizes the Government to detain certain [non-citizens] *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 288-89.

23. Section 236 of the INA provides in relevant part as follows:

(a) <u>Arrest, Detention, and Release</u>. On a warrant issued by the Attorney General, *an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.* Except as provided in subsection (c) and pending such decision, *the Attorney General*—
    (1) *may continue to detain the arrested alien*; and
    (2) *may release the alien* on—
        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
        (B) conditional parole ...

24. The Supreme Court has interpreted similar "may" language in other provisions of the INA to require "some level of individualized determination." *I.N.S. v. Nat'l Ctr. For Immigrants' Rights*, 502 U.S. 183, 194 (1991). The regulation implementing Respondents' authority to arrest non-citizens present in the United States reads:

> "*Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien* not described in [8 U.S.C. § 1236(c)(1)] of the Act, under the conditions at section [8 U.S.C. § 1236(a)(2) and (3)]; *provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.*"

8 U.S.C. § 1236.1(c)(8).

25. Noncitizens may request a review of an initial custody determination before an Immigration Judge ("IJ"). 8 C.F.R. § 1236.1(d)(1); 8 C.F.R. § 1002.19(a). At this

7

hearing an IJ may make the decision "upon any information that is available to the [Immigration Judge] or that is presented to him or her by the [non-citizen] or the [government]." 8 C.F.R. § 1003.19(d); *see also Matter of Guerra,* 24 I&N Dec. 37, 39 (BIA 2006). Non-citizens may appeal a negative decision in a custody review before an IJ to the Board of Immigration Appeals. 8 C.F.R. § 1236.1(d)(3)(i). The current statutory scheme was created through the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

26. For the first time in nearly three decades, Respondents have taken the position through a series of precedential decisions by the Board of Immigration Appeals that non-citizens residing in the interior of the United States are not entitled to a custody redetermination (a "bond hearing") before an Immigration Judge.

27. First, in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), the BIA held that a non-citizen who had been apprehended at the border and subsequently released into the United States is subject to mandatory detention without a possibility of bail upon re-detention, pursuant to 8 U.S.C. § 1225(b), even if that re-detention occurs years after their initial release from custody. The BIA reasoned that "an applicant for admission who is arrested and detained without a warrant while in the process of arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section [1225(b)] [], and is ineligible for any subsequent release on bond under section [1226(a)]." *Q. Li*, 29 I&N Dec. at 74.

28. Then in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the BIA stated that all non-citizens who are present in the United States without admission are subject to

8

mandatory detention under Section 1225(b), regardless of how long they have been residing in the U.S. and absent any prior interaction with immigration authorities.

## ARGUMENT

### COUNT ONE
### FIFTH AMENDMENT – DUE PROCESS

29. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30. The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

31. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of liberty interests protected under the Due Process Clause of the Fifth Amendment.

32. Mr. Once Chillogallo is indisputably entitled to the protections of the Due Process Clause. *See Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Specifically, "[i]t is well established that the Fifth Amendment entitles [non-citizens] to due process of law in deportation proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) ("[Non-citizens] facing removal are entitled to due process"); *Calderon-Rosas v. Atty' Gen.*, 957 F.3d 378, 386 (3d Cir. 2020) ("In sum, petitioners seeking discretionary relief are entitled to fundamentally fair removal

9

proceedings, which constitutes a protected interest supporting a due process claim."). Mr. Once Chillogallo has lived in the United States continuously since December 2020.

33. Respondents have deprived Mr. Once Chillogallo of his liberty interest protected by the Fifth Amendment by detaining him since January 13, 2026, without making an individualized custody determination required under 8 U.S.C. § 1226(a), and without any hearing to determine whether his ongoing detention is justified.

34. Evaluating the adequacy of the process provided to a non-citizen requires a balancing of factors. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

35. First, Mr. Once Chillogallo faces "the most significant liberty interest there is–the interest in being free from imprisonment." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Second, Respondents have erroneously deprived Mr. Once Chillogallo of his liberty without any individualized assessment of his circumstances. Third, Respondents did not make any individualized finding that Mr. Once Chillogallo was a danger or flight risk, so there does not appear to be a significant government interest in detaining him. Indeed, there is no indication as to why he was detained.

36. An application of these factors requires that Mr. Once Chillogallo should have been provided with additional process before being detained or in the alternative should be

10

able to petition for bond upon a showing he is neither a danger to the community or flight risk.

## COUNT TWO

**VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT**
**8 U.S.C. § 1226(a)**

37. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to grounds of inadmissibility. As, relevant here, it does not apply to those who have been residing in the United States at liberty after entering without inspection. Such noncitizens, if detained, are done so under § 1226(a), and are generally eligible for release on bond.

39. Respondents' authority to detain Mr. Once Chillogallo is derived from 8 U.S.C. § 1226(a) as he is already present in the United States.

40. Respondents have detained Mr. Once Chillogallo without making an individualized determination regarding whether he posed a danger or flight risk as required by 8 U.S.C. § 1226(a) and its regulations.

41. Moreover, Respondents' current policies as set forth in the BIA's decisions in *Matter of Q. Li* and *Matter of Yajure Hurtado* unlawfully prevent Mr. Once Chillogallo from obtaining a custody redetermination in front of an Immigration Judge as is his right by statute.

## COUNT THREE

**VIOLATION OF THE BOND REGULATIONS**
**8 C.F.R. § 236.1, 1236.1 and 1003.19**

42. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43. In 1997, after Congress amended the INA through IIRIRA, EOIR the then-Immigration and Naturalization Service issued an interim rule to interpret and apply IIRIRA. Specifically, under the heading of "Apprehension, Custody, and Detention of [Non-citizens]," the agencies explained that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) *will be eligible for bond and bond redetermination.*" 62 Fed. Reg. at 10323 (emphasis added). Thus, the agencies made clear that non-citizens present in the United States would be eligible for consideration for bond and bond hearings before IJs under 8 U.S.C. § 1226 and its implementing regulations.

44. Yet, Respondents have adopted a policy and practice of applying § 1225(b)(2) to non-citizens like Mr. Once Chillogallo who are present in the United States without being admitted or paroled.

45. The application of § 1225(b)(2) to Mr. Once Chillogallo unlawfully mandates his continued detention in violation of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.

## COUNT FOUR

**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT ("APA")**
**5 U.S.C. § 701, *et. seq.***

46. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

12

47. The Administrative Procedure Act ("APA") provides a right to sue when an individual has been "aggrieved" by a "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704.

48. Respondents have violated procedural and substantive requirements of the Fifth Amendment and the Immigration and Nationality Act by arbitrarily detaining Mr. Once Chillogallo without conducting an individualized determination into his circumstances. Essentially, they have not presented any indication that his circumstances have changed since he was initially placed into removal proceedings such that he is now a danger to the community or a flight risk.

49. Respondent DHS' actions in detaining and seeking to remove Mr. Once Chillogallo and in its recent policies announced through administrative decisions issued by the BIA were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A)-(D).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Once Chillogallo prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Enjoin Respondents from transferring Mr. Once Chillogallo outside of the jurisdiction of the Eastern District of Pennsylvania pending the resolution of this case;

3) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody immediately on his own recognizance or under parole, bond, or reasonable conditions of

supervision, on the ground that his continued detention by the Department of Homeland Security violates his Due Process rights;

4) Set aside Respondents' unlawful detention policy contained in *Matter of Q. Li* and *Matter of Yajure Hurtado* under the APA, 5 U.S.C. § 706(2), as contrary to law, arbitrary and capricious, and contrary to constitutional right;

5) Issue a Writ requiring an immediate release of respondent as the Executive Office of Immigration Review's position makes it impossible to have a constitutionally adequate hearing before an Immigration Judge. In the alternative, petitioner requests a Constitutionally adequate bond hearing, at which: (i) DHS bears the burden to demonstrate, by clear and convincing evidence, that Petitioner's continued detention is necessary, and (ii) the immigration judge considers Petitioner's ability to pay a bond.

6) While this petition is pending, order Petitioner's immediate release pursuant to the Court's inherent authority to release habeas corpus petitioners on bail.

7) Award Mr. Once Chillogallo attorney's fees and costs under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

8) Grant any other and further relief that this Court deems just and proper.

Dated: January 19, 2026

Respectfully submitted:

/s/ Kimberly A. Tomczak

Gian-Grasso | Tomczak
Immigration Law Group
PA Bar: 310687
990 Spring Garden St., Ste. 304
Philadelphia, PA 19123

14

Ph. (215) 437-0392  
Fax: (215) 437-0490  
kimberly@gtilg.com

*Attorney for Petitioner*

## **<u>LIST OF EXHIBITS</u>**

A. Bureau of Prisons website and ICE website printouts indicating that Petitioner is detained at FDC, Philadelphia

B. Notice to Appear

C. I-213

15

## **VERIFICATION**

I, /s/ Kimberly A. Tomczak, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that, on information and belief, the factual statements in the foregoing Petition for Writ of Habeas Corpus are true and correct.

Dated: January 19, 2026

## CERTIFICATE OF SERVICE

I, Kimberly A. Tomczak, certify that on January 19, 2026, I electronically filed the attached the foregoing Petition for Habeas Corpus with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system.

Dated: January 19, 2026                    Respectfully submitted:

                                           /s/ Kimberly A. Tomczak

                                           Gian-Grasso | Tomczak
                                           Immigration Law Group
                                           PA Bar: 310687
                                           990 Spring Garden St., Ste. 304
                                           Philadelphia, PA 19123
                                           Ph. (215) 437-0392
                                           Fax: (215) 437-0490
                                           kimberly@gtilg.com

                                           *Attorney for Petitioner*