IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKLIN L. ONCE CHILLOGALLO,** *Petitioner,* | : : : |
| v. | : : CIVIL NO. 26-0313 |
| **Warden J.L. JAMISON et al.,** *Respondents.* | : : : : |

**Scott, J.**  February 4, 2026

## MEMORANDUM

The second labor of Heracles required him to slay the Hydra, a serpent whose heads regenerated twofold for each head that was lopped off. Heracles was only able to best the Hydra with the help of his nephew, Iolaus, who cauterizes the stumps soon after Heracles' decapitations, thereby preventing the double regeneration.

The Court writes today with a newfound and personal appreciation of Heracles' struggles. In at least ninety cases over the last three months, this Court has unanimously rejected the unsound arguments that the government has made in its attempt to justify the legality of Immigration and Customs Enforcement's detainment of U.S. residents without cause, without notice, and in clear violation of the Immigration and Nationality Act.[1] And yet, for each rejection of the government's legal position and granting of habeas relief to the petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district.

Here, Petitioner Franklin Leonidas Once Chillogallo filed a Petition for Writ of Habeas

---

[1] *See, e.g.*, ECF No. 4 at 2 [hereinafter Gov't Resp.] ("The vast majority—including all decisions in this district (more than 90 to date)—have rejected the government's position" and string citing to examples of adverse decisions in this district).

Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release alongside other forms of relief. ECF No. 1 at 13–14 [hereinafter Pet.]. Once Chillogallo alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process Rights and the Immigration and Nationality Act ("INA"). *Id.* ¶ 29–41.

Once Chillogallo is a twenty-four-year-old noncitizen from Ecuador. Pet. at 2. He entered the United States in December 2020, and he has remained in the United States ever since while living with his partner and their 6-month-old twin daughters (both of whom are U.S. citizens). *Id*. *Id*. ¶¶ 42–43, 49. On January 13, 2026—more than five years after Once Chillogallo entered the country—ICE detained him outside of his home without explanation and placed him in the Federal Detention Center in Philadelphia, Pennsylvania. *Id.* ¶ 5.

According to the government, Once Chillogallo is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Once Chillogallo disagrees with the government's interpretation, instead arguing that the relevant statutory framework is that of § 1226(a). Pet. ¶ 21–28.

The government argues, unconvincingly, that Once Chillogallo falls under § 1225(a)(1) because he is, on the government's view, an "applicant for admission." Government's Resp. at 12. As the government effectively concedes in its brief, *Id.* at 2 n.1, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases). Moreover, Once Chillogallo has been in the United States for more than five years, which strains credulity to consider him an "applicant for admission" as the government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The

unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025), and *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025), this Court holds that Once Chillogallo's detention violates the INA.[2] *See also, e.g.*, *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Once Chillogallo's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Once Chillogallo is a harm to the community nor a flight risk. Moreover, ICE is enjoined from detaining Once Chillogallo under 8 U.S.C. § 1226(a) for seven days following his release.

Although yet to find its own Iolaus, this Court remains unabated and undeterred in its own Hydrian labor.

---

[2] In addition, the government argues that this Court lacks jurisdiction to address Once Chillogallo's claims. Government's Resp. at 6–10. The Court again adopts the reasoning in *Kashranov* and *Demirel* and the litany of similar cases to reject the government's jurisdiction argument.